# GOVERNMENT EXHIBIT F

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 2 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/09 Page 1 of 15 PageID# 4281
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 1 of 16

AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division



UNITED STATES OF AMERICA

V.

EDWARD HUGH OKUN
Defendant.

Case Number: 3:08CR00132-01

USM Number: 81060-004

Defendant's Attorney:
   Robert J. Wagner, Esquire
   Carolyn V. Grady, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Count(s) 1 through 8, 10 through 15, and 19 through 27 of the Superseding Indictment.

The defendant is adjudicated guilty of these offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. Sec. 1349 | Conspiracy to Commit Wire and Mail Fraud | Felony | May 2007 | One |
| 18 U.S.C. Sec. 1956(h) | Money Laundering Conspiracy | Felony | April 2007 | Two |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | September 1, 2005 | Three |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | September 7, 2005 | Four |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | November 16, 2005 | Five |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | November 17, 2005 | Six |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | June 9, 2006 | Seven |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | June 22, 2006 | Eight |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | August 14, 2006 | Ten |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fruad | Felony | December 20, 2006 | Eleven |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | January 17, 2007 | Twelve |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | March 15, 2007 | Thirteen |

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 3 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/09 Page 2 of 15 PageID# 4282
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 2 of 16

AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case                                                Page 2 of 7

| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | April 20, 2007 | Fourteen |
| 18 U.S.C. Sec. 1343 & 2 | Wire Fraud | Felony | April 26, 2007 | Fifteen |
| 18 U.S.C. Sec. 1956(a)(1)(A)(i) | Money Laundering-Promotion | Felony | November 17, 2005 | Nineteen |
| 18 U.S.C. Sec. 1956(a)(1)(A)(i) | Money Laundering-Promotion | Felony | June 9, 2006 | Twenty |
| 18 U.S.C. Sec. 1956(a)(1)(A)(i) | Money Laundering-Promotion | Felony | August 3, 2006 | Twenty-One |
| 18 U.S.C. Sec. 1956(a)(1)(A)(i) | Money Laundering-Concealment | Felony | April 20, 2007 | Twenty-Two |
| 18 U.S.C. Sec. 1957 | Money Laundering | Felony | November 17, 2005 | Twenty-Five |
| 18 U.S.C. Sec. 1957 | Money Laundering | Felony | August 14, 2006 | Twenty-Four |
| 18 U.S.C. Sec. 1957 | Money Laundering | Felony | January 17, 2007 | Twenty-Five |
| 31 U.S.C. Sec. 5332 & 18 U.S.C. Sec. 2 | Bulk Cash Smuggling | Felony | January 22, 2007 | Twenty-Six |
| 18 U.S.C. Sec. 1623(a) | False Declaration | Felony | November 7, 2007 | Twenty-Seven |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

08/04/2009
Date of Imposition of Judgment

/s/                                       *RSP*
Robert E. Payne
Senior United States District Judge

September 1, 2009
Date

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 4 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/09 Page 3 of 15 PageID# 4283
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 3 of 16

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 3 of 7

**Case Number:** 3:08CR00132-01
**Defendant's Name:** EDWARD HUGH OKUN

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: TWELVE HUNDRED (1200) MONTHS. This term consists of 240 months on Count 1; and 240 months on Counts 6, 11, and 14; 120 months on Count 15; and 60 months on Counts 26 and 27, all to run consecutively with each other and with Count 1. This term also consists of 240 months on Counts 2 through 5, 7,8,10,12,13,19 through 22; and 120 months on each of Counts 23 through 25, to run concurrently with all other counts and Count 1.

The defendant is remanded to the custody of the United States Marshal.

The Court recommends to the Bureau of Prisons that the defendant receive an appropriate medical examination and that the defendant be incarcerated where he may receive any necessary medical treatment.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 5 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 4 of 16 PageID# 4284
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 4 of 16

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Page 4 of 7

**Case Number:** 3:08CR00132-01
**Defendant's Name:** EDWARD HUGH OKUN

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of THREE (3) YEARS on each of Counts 1 through 8, 10 through 15, and 19 through 27, all *to run concurrently*.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 6 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/09 Page 5 of 15 PageID# 4285
Case 3:08-cr-00132-REP   Document 328   Filed 09/02/2009   Page 5 of 16

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A - Supervised Release

Page 5 of 7

Case Number:       3:08CR00132-01
Defendant's Name:  EDWARD HUGH OKUN

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall provide the probation officer with access to requested financial information.

2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3) As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligations.

4) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than FIVE HUNDRED AND NO/100 ($500.00) DOLLARS, or of TWENTY-FIVE (25) PERCENT of his gross income, whichever is greater, beginning SIXTY (60) DAYS after his term of Supervised Release begins until paid in full.

5) The defendant shall be prohibited from obtaining employment in any aspect of the real estate, banking, financial, or any similar occupation.

6) The defendant shall participate in a program approved by the probation office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with the cost to be paid for by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 7 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/09 Page 6 of 15 PageID# 4286
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 6 of 16

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Page 6 of 7

Case Number: 3:08CR00132-01
Defendant's Name: EDWARD HUGH OKUN

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count(s) | Assessment | Fine | Restitution |
|---|---|---|---|
| 1-8 | $100.00 | $0.00 | $128,892,575.97 |
| 10-15 | $100.00 | | |
| 19-25 | $100.00 | | |
| 26 & 27 | $100.00 | | |
| **TOTALS:** | **$2,300.00** | **$0.00** | **$128,892,575.97** |

No fines have been imposed in this case.

The Court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.

## RESTITUTION

The Order of Restitution entered in Criminal Case No. 3:08CR00132, United States of America v. Edward Hugh Okun and Lara Coleman is incorporated in this judgment by reference.

Restitution shall be paid jointly and severally with Defendants, Lara Coleman, Criminal Case Number 3:08CR00132-02, Robert D. Field, II, Criminal Case Number 3:08CR00307-01, and Richard B.Simring, Criminal Case Number 3:08CR00321-01.

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 8 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/09 Page 7 of 15 PageID# 4287
Case 3:08-cr-00132-REP   Document 328   Filed 09/02/2009   Page 7 of 16

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 6 - Schedule of Payments

Page 7 of 7

**Defendant's Name:** EDWARD HUGH OKUN  
**Case Number:** 3:08CR00132-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Lump sum payment of $128,894,875.97 due immediately, balance due in accordance with below.

Payment in equal monthly installments of $500.00, or of 25 percent of his gross income, whichever is greater, over a period of years, to commence 60 days after release from imprisonment to a term of supervision.

The special assessment shall be due in full immediately.

The restitution shall be paid during the period of supervised released.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 9 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/09 Page 8 of 15 PageID# 4288
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 9 of 16
Case 3:08-cr-00132-REP Document 323 Filed 08/26/2009 Page 1 of 8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:08CR132 |
| ) | |
| EDWARD HUGH OKUN, and ) | |
| LARA COLEMAN, ) | |
| ) | |
| Defendants. ) | |

## RESTITUTION ORDER

1. The defendants are sentenced to pay $128,892,575.97 as restitution, and shall be jointly and severally liable with each other as well as any defendant ordered to pay restitution for the same losses.[1]

2. The victims' names and respective losses are listed in Attachment A to this Restitution Order. This Order shall be deemed part of the Judgment entered as to each defendant in this case.

3. The amount of restitution paid to any victim, collectively, shall not exceed the victim's total loss from the offenses of conviction. Any amounts received by a victim from a source other than the bankruptcy case involving 1031 Tax Group, LLC and related entities, shall be offset against the restitution obligation. To the extent practicable, the victims shall report amounts received from a source other than the Bankruptcy Trustee directly to the Clerk of Court at the address provided below.

4. Any disbursements made to any victim by the Bankruptcy Trustee in connection with In Re The 1031 Tax Group, L.L.C. et al, Case No. 07-11448 (Bankr. S.D.N.Y.) shall be credited against the amount of loss owed as restitution.

5. The Bankruptcy Trustee shall provide an accounting of any disbursements made to any victims identified in Attachment A. Such accounting shall be made within 30 days of the disbursement and directed to:

---

[1] The related cases are United States v. Robert D. Field, II (Docket No. 3:08CR307) and United States v. Richard B. Simring (Docket No. 3:08CR321).

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 10 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 10 of 16
Case 3:08-cr-00132-REP Document 323 Filed 08/26/2009 Page 2 of 8

Clerk of Court, U.S. District Court
Suite 3000
701 East Broad Street
Richmond, Virginia 23219-3528

6. As directed at the restitution hearing held on August 6, 2009, the following losses shall not be included for purposes of restitution:

   a) Attorney and accounting fees;
   b) Capital gains tax and all other tax-related consequences as a result of the offenses of conviction;
   c) Pre-judgment interest, and
   d) any other consequential damages not incorporated in the amounts listed in Attachment A.

7. For the reasons set forth in a separate memorandum opinion, all victims who sold their claim to a third party shall not receive restitution for the same loss amounts transferred as part of the claim.

8. Restitution is due and payable in full immediately. The defendants shall make a bona fide effort to pay restitution in full as soon as practical. Any payment plan imposed by the Court shall not prevent the United States or a victim from enforcing this restitution order as permitted by law.

9. The defendants shall pay to the Clerk at least $500 per month or 25 percent of gross income, whichever is greater, beginning 60 days from release from incarceration. This requirement shall also be a provision of supervised release for the period of time a defendant is on supervised release.

10. No delinquent or default penalties will be imposed except upon Order of the Court. Pursuant to 18 U.S.C. §3612(f), the Court finds that the defendants do not have the ability to pay interest on the restitution award, and interest is waived.

11. The defendants shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program at a rate of at least $25 per quarter, or if assigned as a UNICOR grade 1 through 4 employee, at least 50% of the prisoner's monthly pay.

12. Payments to Victims.

   The Clerk of Court shall distribute the funds to the victims on a pro rata basis. That is, each direct victim shall be entitled to a share in the proceeds in an amount equal to the

2

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 11 of 16

Case 3:08-cr-00132-REP   Document 328   Filed 09/02/2009   Page 11 of 16
Case 3:08-cr-00132-REP   Document 323   Filed 08/26/2009   Page 3 of 8

percentage that each direct victim's loss is of the losses of all the direct victims. The Clerk may withhold distribution of any restitution amounts until the sum available for restitution to each victim is at least $25.00.

/s/ REP
Honorable Robert E. Payne
Senior United States District Judge

ENTERED this 26th day of August, 2009.
at Richmond, Virginia

I ASK FOR THIS:

DANA J. BOENTE
UNITED STATES ATTORNEY

*Jessica A. Brumberg*
G. Wingate Grant
Assistant United States Attorney

SEEN:

*Roy Wayne for*
Carolyn V. Grady
Counsel for Edward H. Okun

SEEN AND CONSENTED TO:

Claire G. Cardwell
Counsel for Lara G. Coleman

3

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 12 of 16
Case 3:08-cr-00132-REP   Document 328   Filed 09/02/2009   Page 1 of 15   PageID# 4291
Case 3:08-cr-00132-REP   Document 328   Filed 09/02/2009   Page 12 of 16
Case 3:08-cr-00132-REP   Document 323   Filed 08/26/2009   Page 4 of 8

## ATTACHMENT A
## REDACTED

| | Name (Business Name) | Amount |
|---|---|---|
| 1 | Adams, Terry & Sylvia | $186,326.63 |
| 2 | Adkisson Lennie & Vibeke (Adkisson Family Associates, LLC) | $111,244.43 |
| 3 | Ainsworth, Dustin | $50,000.00 |
| 4 | Almasco, Cayetana | $58,360.57 |
| 5 | Amari, Paula & Frances | $1,034.91 |
| 6 | Amick, Wilma | $154,473.60 |
| 7 | Antirm, John | $275,537.93 |
| 8 | Antrim, John | $9,517.75 |
| 9 | API Phoenix LLC | $1,038,281.72 |
| 10 | Ardebili, Farid | $102,358.26 |
| 11 | Ardebili, Farshid | $102,358.26 |
| 12 | Arthur, Michael | $684,728.91 |
| 13 | ASM Capital LP | $10,643,501.97 |
| 14 | Aziz, Nusrat | $80,903.44 |
| 15 | Aziz, Nusrat | $75,761.35 |
| 16 | Baldwin Commons Associates | $374,632.08 |
| 17 | Barnes, Donald | $110,642.28 |
| 18 | Beck, Lawrence & Wanda | $17,583.65 |
| 19 | Beepot, Joanne (Orange Park BP Enterprises) | $286,889.21 |
| 20 | Benitez, John (100 Garfield LLC) | $1,111,058.44 |
| 21 | Bernhard, John & Dawn | $19,404.32 |
| 22 | Bernhard, John & Dawn | $5,771.97 |
| 23 | Bernhard, John & Dawn | $73,738.09 |
| 24 | Bond, Oscar | $60,092.73 |
| 25 | Bordoni, Diane & James | $10,566,140.00 |
| 26 | Borjon-Rodriguez, Cynthia | $131,282.07 |
| 27 | Boudreau, Darin | $487,222.02 |
| 28 | Bowman, Janet (Janet Furman Bowman Trust) | $50,000.00 |
| 29 | Boyle, Patrick & Carol | $92,953.09 |
| 30 | Bradley, James & Joyce (James and Joyce Bradley Trust) | $208,194.90 |
| 31 | Bradley, Karen & Gary | $1,135,953.36 |
| 32 | Brady, Cheri (CB Properties) | $230,848.78 |
| 33 | Brazier, Telcus & Yelaine | $65,757.57 |
| 34 | Breiter, Carel & Steven | $137,825.62 |
| 35 | Brown, Richard & Linda | $73,059.82 |
| 36 | Butch, Janet | $350,759.53 |
| 37 | Bueno, Robert | $1,002,405.24 |
| 38 | Cain, Ruth | $57,009.50 |
| 39 | Callahan, Elizabeth | $867,888.19 |
| 40 | Camacho, Mark | $467,850.04 |
| 41 | Cao, Tin | $462,821.28 |
| 42 | Capital Aggregates LTD | $9,020,000.00 |
| 43 | Cardell, Richard | $167,325.00 |
| 44 | Carton, Patrick & Kathleen | $77,722.00 |
| 45 | Cass, Donald & Gayle | $264,631.57 |
| 46 | Castellanos, Edgar & Nelly | $172,970.62 |
| 47 | Casterline, John & Jano | $24,711.73 |
| 48 | Covazos, Arturo & Elizabeth | $49,694.10 |
| 49 | Chan, Hsui-Jen | $916.40 |
| 50 | Chan, Whei-Jen | $422,116.41 |
| 51 | Christiansen, Van Kevin (C5 Properties LTD) | $205,792.85 |
| 52 | Clapp, Gary | $20,000.00 |
| 53 | Clifford, William | $911,025.60 |

Page 1 of 5

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 13 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 13 of 16
Case 3:08-cr-00132-REP Document 323 Filed 08/26/2009 Page 5 of 8

## ATTACHMENT A
## REDACTED

| Name (Business Name) | Amount |
|---|---|
| 54 Cochran, Judith | $74,164.87 |
| 55 Cogan, Sandra | $502,922.35 |
| 56 Cohen, Amir (New West Properties LLC) | $1,394,213.00 |
| 57 Collins, James | $1,373,883.99 |
| 58 Coyle, Mike | $19,676.66 |
| 59 Cravey, Sidney | $515,267.31 |
| 60 Davis, Charles | $207,148.22 |
| 61 Daxton, Kyle & Leigh Nott | $504,851.37 |
| 62 De Fabrique, Nicolas | $122,464.53 |
| 63 Del Monte, David | $131,530.00 |
| 64 DeMelo, Maria & Jose Pedro | $299,883.37 |
| 65 Demas, Paul | $10,000.00 |
| 66 Derden, Dennis | $5,400.00 |
| 67 Dingivan, Edward & Jane | $234,080.20 |
| 68 Donkonics, John & Nancy | $2,810,648.12 |
| 69 Driscoll, Teresa | $231,127.20 |
| 70 Dudas, Michael | $155,819.97 |
| 71 Dugan, John (Dugan Family Trust) | $409,912.26 |
| 72 Eddings, Philip & Susan | $214,421.16 |
| 73 Edwards, Patrick & Valerie | $262,108.53 |
| 74 Eissenda, Rose | $230,827.50 |
| 75 Emery, Cheryl & Christopher | $478,529.53 |
| 76 Faibish, Malr (222 Central Ave Corp) | $1,500,000.00 |
| 77 Falk, Hendrick | $95,692.87 |
| 78 Forsythe, Cheryl | $40,000.00 |
| 79 Frederick, Raymond | $20,976.24 |
| 80 Freeman, Jon | $43,485.34 |
| 81 Freeman, Jon | $29,308.59 |
| 82 Freeman, Jon | $10,981.39 |
| 83 Garner, Frederick & Helaine | $1,634.39 |
| 84 Gennero Real Estate Development | $1,046,687.19 |
| 85 Gerachman, Thomas | $1,812,380.42 |
| 86 Gharddel, Fred (G & G Joint Venture) | $426,671.83 |
| 87 Gibson, Sharon & Robert | $99,085.31 |
| 88 Gilmore, Duane | $77,180.47 |
| 89 Glover, Gregory & Jessica | $212,742.97 |
| 90 Gonzales, Almario & Myrna | $31,758.76 |
| 91 Green, Joyce c/o Brocke A. Green-Smuts | $2,518,351.98 |
| 92 Gross, William (Medical Practice Mgmt Svcs Inc) | $157,640.95 |
| 93 Grothaus, Sheldon (Texas Ranch Developers LTD) | $78,391.92 |
| 94 Guirguis, Samuel | $455,087.40 |
| 95 Gustafson, Lee & Joy (Gustafson Family Trust) | $185,272.22 |
| 96 Gustafson, Lee & Joy (Gustafson Family Trust) | $189,758.74 |
| 97 Guthrie Family Trust, Brenda Murray, Trustee | $55,386.09 |
| 98 Haguewood, James (One Group LLC) | $202,301.45 |
| 99 Haines, Gail & Charles | $5,000.00 |
| 100 Hanmore, Erol | $24,638.02 |
| 101 Harmon, Tom (Unaka LP) | $419,793.70 |
| 102 Harrington, Judith | $950,000.00 |
| 103 Hathaway, Robert & Patty (Hathaway Family Trust) | $79,851.50 |
| 104 Hayes, Robert & Joan (Robert & Joan Hayes Family Trust) | $198,553.77 |
| 105 Hein Capital Group LLC | $1,880,768.87 |
| 106 Henderson, Susan & Ross | $5,200.00 |

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 14 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 14 of 16
Case 3:08-cr-00132-REP Document 323 Filed 08/26/2009 Page 6 of 8

## ATTACHMENT A
## REDACTED

| | Name (Business Name) | Amount |
|---|---|---|
| 107 | Herrera, Brenda | $69,551.94 |
| 108 | Hines, Don (PJ Ravenna LLC) | $147,472.20 |
| 109 | Hoffman, James | $1,553,361.04 |
| 110 | Holmes, Evelyn | $382,934.60 |
| 111 | Honigblum, Tom | $323,803.70 |
| 112 | Householder, Travan (Cup Dance Trust) | $20,869.25 |
| 113 | Howlett, David & Catherine | $125,604.60 |
| 114 | Huber, Gregory (Cell Tox Site Service LTD) | $2,110,000.00 |
| 115 | Hudson, William | $234,565.98 |
| 116 | Hung, Liang-Yu & Hsing-Fu Tsai | $177,147.41 |
| 117 | Hunter, Anita | $1,365,294.58 |
| 118 | Itz, Jeremy & Monica | $90,525.50 |
| 119 | Jenschke, Lamar | $22,443.42 |
| 120 | Jesko, Elizabeth (Jesko Family Trust) | $453,766.69 |
| 121 | Karlsen, Jeffrey (Karlsen Group) | $59,517.36 |
| 122 | Kashani, Mohammad | $389,297.37 |
| 123 | Kasprzyk, Daniel | $199,390.70 |
| 124 | Kaufman, Nancy (Nancy Kaufman Family LLC) | $438,111.14 |
| 125 | Kester, Carol & James | $479,684.21 |
| 126 | Kelly, Brian & Nadine (Doctor Cool Air Inc.) | $51,000.00 |
| 127 | Keto, Eric | $169,928.15 |
| 128 | Kinzel, Margaret & Shohom (Kinzel Enterprises Inc.) | $93,082.06 |
| 129 | Kisler, LLC & Menorah Biz, LLC | $173,413.48 |
| 130 | Kruse, John | $400,457.74 |
| 131 | Kucera, Saraloe & Jiri | $181,725.24 |
| 132 | Laura, Kenneth | $20,000.00 |
| 133 | Laura, Kevin Michael | $19,980.00 |
| 134 | Lee, Bruce | $117,330.50 |
| 135 | Linares, Jesus (Norgee Real Estate Holding Co) | $187,914.45 |
| 136 | Litvin, Anamaria & Miguel | $59,515.24 |
| 137 | LJ 804 West Ave LTD c/o Andy Hull | $1,423,900.46 |
| 138 | LJ Ambassador, LTD c/o Andy Hull | $3,127,794.22 |
| 139 | LJ Castle Hill Ventures LTD c/o Andy Hull | $280,592.24 |
| 140 | LJ Villa Marquis LTD c/o Andy Hull | $1,379,898.62 |
| 141 | Loulourgas, Emilia (Loulourgas Properties LTD) | $982,428.90 |
| 142 | M Circle O LTD | $534,090.15 |
| 143 | Mag Ave LLC | $63,104.86 |
| 144 | Magnomin Corp c/o Jeremy Harwood Esq. Blank Rome LLP | $852,368.75 |
| 145 | Maldonado, Michael & maria | $9,927.00 |
| 146 | Maltzer, Paul | $250,000.00 |
| 147 | Mann, Judith (CNM Realty LLC) | $1,274.01 |
| 148 | Martin, David | $100,349.42 |
| 149 | Martinez, Florando | $413,437.00 |
| 150 | Mathis, James & Margaret | $106,922.78 |
| 151 | McGuire, John (Stracum River Investment LLC) | $500.00 |
| 152 | McGuire, John (Stracum River Investment LLC) | $4,200.00 |
| 153 | Mehus, Jamison | $50,000.00 |
| 154 | Meridith, Daniel | $231,175.83 |
| 155 | Meyers, Lee & Stuart | $4,500.00 |
| 156 | Middleton, Frank (Real Estate Broker) | $134,340.00 |
| 157 | Middleton, Frank (Real Estate Broker) | $256,427.00 |
| 158 | Middleton, Sara | $227,816.50 |
| 159 | Miller, Sherri | $50,000.00 |

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 15 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/09 Page 14 of 15 PageID# 4294
Case 3:08-cr-00132-REP Document 328 Filed 09/02/09 Page 15 of 16
Case 3:08-cr-00132-REP Document 323 Filed 08/26/2009 Page 7 of 8

## ATTACHMENT A
## REDACTED

| | Name (Business Name) | Amount |
|---|---|---|
| 160 | Mizrachi, Miko (Eagle Creek Corp) | $57,726.23 |
| 161 | Mooradian, Richard (Richard Mooradian Trust) | $863,462.50 |
| 162 | Moore, Sonja | $400,000.00 |
| 163 | Morley, Richard | $249,551.58 |
| 164 | Mueller, Thomas (Thomas W. Mueller Revocable Family Trust | $820,482.88 |
| 165 | Myles, Ronald (Myles Enterprises Inc) | $595,504.38 |
| 166 | N.P. 1300 LLC c/o Rudder Realty Corp | $2,469,598.58 |
| 167 | Nagel, Richard | $89,078.50 |
| 168 | Naiman, Marc (Robert Naiman Family LLC) | $438,119.07 |
| 169 | Naiman, Robert (Robert Naiman Family LLC) | $438,119.07 |
| 170 | Nanas, George (Stox Realty Corp) | $343,000.00 |
| 171 | Narang, Amarjit | $115,011.22 |
| 172 | Nebgen, Marvin & Marlene | $472,022.83 |
| 173 | Newton, William | $3,357,808.47 |
| 174 | Newton Bayard Limited Partnership c/o Sayyer Holdings LLC | $4,242,682.27 |
| 175 | Noelle Paulette Trust No. 1° JP Morgan Bank CO, Trustee | $244,741.25 |
| 176 | Noelle Paulette Trust No. 1° JP Morgan Bank CO, Trustee | $80,557.67 |
| 177 | Noelle Paulette Trust No. 1° JP Morgan Bank CO, Trustee | $59,173.90 |
| 178 | Noelle Paulette Trust No. 1° JP Morgan Bank CO, Trustee | $20,434.01 |
| 179 | Okazki, Eldon | $2,187.65 |
| 180 | Okazki, Eldon & Reg | $475,652.34 |
| 181 | Oredoson, Daniel | $169,003.40 |
| 182 | Otto, Logan & Margaret | $543,984.13 |
| 183 | Palmer, Joel (Capital Reef Development LLC) | $80,630.15 |
| 184 | Panchavro, Samuel | $353,926.26 |
| 185 | Paparella, Cesidio | $460,190.35 |
| 186 | Patten, William | $734,994.85 |
| 187 | Pecunies, Ronald (Rep 775 Real Estate LLC) | $250,000.00 |
| 188 | Perez, Ramon & ODMa | $139,060.98 |
| 189 | Perkins, Alicia | $19,980.00 |
| 190 | Person, James & Ruth | $89,464.52 |
| 191 | Picarski, John & Deborah (Picarski Property Mgmt) | $159,617.44 |
| 192 | Picarski, John & Deborah (Picarski Property Mgmt) | $232,755.34 |
| 193 | Pignataro, Gaetano | $246,972.61 |
| 194 | Pista, Mark & Carol | $8,081.99 |
| 195 | Pionowski, Mark | $85,045.27 |
| 196 | Porras, Alicia | $31,758.76 |
| 197 | Prather, Charles | $140,077.67 |
| 198 | Pratt, Donna & Gareld | $56,371.46 |
| 199 | Quirk, Daniel (Quirk Infiniti Inc) | $2,057,750.00 |
| 200 | Rajabi, Abbas (Grande Investments LLC) | $969,414.89 |
| 201 | Ramsey, Brenda | $258,764.05 |
| 202 | Ramsey, Thomas | $253,881.61 |
| 203 | Richards, Alan | $471,268.47 |
| 204 | Rostich, Randy (Delta Enterprises Inc) | $12,753.01 |
| 205 | Root, David | $309,881.09 |
| 206 | Sagliocca, Marco (Mark Sagliocca Irrevocable Trust) | $150,000.00 |
| 207 | Sander, Stephen | $438,650.38 |
| 208 | Sandhu, Surinder | $692,572.43 |
| 209 | Schloss, Bonnie | $335,142.71 |
| 210 | Schneider, Alton & Eileen | $858,350.00 |
| 211 | Schneider, Alton & Eileen | $337,908.62 |
| 212 | Schwartz, Lee (Schwartz Assoc Realty of NY, 2005 Coney Island Ave) | $524,453.84 |

Case 1:10-cr-20767-JLK Document 390-6 Entered on FLSD Docket 12/05/2011 Page 16 of 16
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 15 of 15 PageID# 4295
Case 3:08-cr-00132-REP Document 328 Filed 09/02/2009 Page 16 of 16
Case 3:08-cr-00132-REP Document 323 Filed 08/26/2009 Page 8 of 8

## ATTACHMENT A
## REDACTED

| # | Name (Business Name) | Amount |
|---|---|---|
| 213 | Schwartz, Richard (2008 Coney Island Ave LLC) | $574,453.84 |
| 214 | Sedlin, Barbara & Elias (Samrose Properties LLC) | $15,177.89 |
| 215 | Seo, Gary & Bette | $218,850.58 |
| 216 | Severts, John | $60,050.18 |
| 217 | Skidmore, Robert | $161,244.40 |
| 218 | Slyk, Michael (Rim of Meyers Lake LLC) | $104,527.76 |
| 219 | Smith, Sharon | $635,100.00 |
| 220 | Smith, William | $293,266.09 |
| 221 | Souza, Daniel | $231,910.22 |
| 222 | Spahn, Steven (Talon Land Company LLC) | $441,133.39 |
| 223 | Stinzuer, Toni | $7,200.00 |
| 224 | Stretz, Steven | $63,819.78 |
| 225 | Suarez, Carlos | $3,000.00 |
| 226 | Suhwell, Sadi | $607,028.66 |
| 227 | Sweeney, John (Sweeneyland LLC) | $84,042.71 |
| 228 | Swope, Sandra | $7,469.65 |
| 229 | Taliiides, Eleni (Eleni 31 LLC) | $858,059.75 |
| 230 | Taliiides, Nicholas (Nicholas 31 LLC) | $858,059.75 |
| 231 | Taliiides, Stavglas (31 Street Development LLC) | $299,455.00 |
| 232 | Thomas, James & Carolyn | $351,904.82 |
| 233 | Tolan, Jesse | $23,771.12 |
| 234 | Tolan, Jesse | $26,413.60 |
| 235 | Tolan, Jesse | $91,443.23 |
| 236 | Tolan, Jesse | $20,904.01 |
| 237 | Tolan, Jesse | $8,832.49 |
| 238 | Tomassetti, Dino c/o Nail Fuher & Associates LLP | $216,241.24 |
| 239 | Torline, Kathy | $68,993.54 |
| 240 | U.F.H. Apartments, Inc | $434,845.14 |
| 241 | U.F.H. Apartments, Inc | $444,761.85 |
| 242 | U.F.H. Apartments, Inc | $298,565.17 |
| 243 | U.F.H. Apartments, Inc | $282,858.88 |
| 244 | U.F.H. Apartments, Inc | $285,488.91 |
| 245 | Usher, Yuri | $441,208.00 |
| 246 | Vanoverborg, Mark (Mark & Sandra LTD) | $1,103,849.87 |
| 247 | Vaughan Realty LTD | $311,499.98 |
| 248 | Vista Enclave LTD (Woody Mann) | $1,701,848.23 |
| 249 | Walker, Fay | $60,571.00 |
| 250 | Ward, Jack | $48,923.50 |
| 251 | Ward, Hampton (Ward Enterprises LLC) | $1,841,621.94 |
| 252 | Waterman, Bradford (Char-Lo Timberlands) | $365,000.00 |
| 253 | Welch, Bernard (Welch & Pastoriza) | $29,869.80 |
| 254 | Welder, Raymond (Welder Exploration Production) | $234,144.94 |
| 255 | Whiting, Bruce | $6,500.00 |
| 256 | Whitlock, Audrey | $94,172.75 |
| 257 | Whitten, Michael | $133,917.82 |
| 258 | Willis, Cindy Sue (Willis Limited Partnership) | $72,810.27 |
| 259 | Winters, Terry | $604,919.73 |
| 260 | Zahos, Peter & Ramona | $92,460.66 |
| 261 | Zamora - Martinez, Ester McKenzie | $44,931.45 |
| 262 | Zeevi, Shmuel (Zahavi Zeevi Inc) | $23,364.64 |
| | | $128,892,575.97 |

Page 5 of 5